IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 19-cr-00090-NYW
(Removal from San Miguel County Court,
Case Nos. 19-M-10 & 19-M-22)

PEOPLE OF THE STATE OF COLORADO,

    Plaintiff,

v.

JULIE CARLSON,

    Defendant.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE AND ORDER REDRAWING CASE

Magistrate Judge Nina Y. Wang

    Julie Carlson ("Defendant" or "Ms. Carlson"), a defendant in two criminal proceedings in San Miguel County Court, has filed with the court a Notice of Removal pursuant to 28 U.S.C. § 1455(a), seeking to remove her pending criminal matters to the United States District Court for the District of Colorado on the basis that the state court proceedings are tainted by fabricated and falsified court orders. [#1 at 3]. Upon review of the Notice of Removal and attached documents, the undersigned Magistrate Judge finds that this case is not properly removed from state court. Accordingly, the Clerk of the Court is **ORDERED** to redraw this case to an Article III Judge and it is further **RESPECTFULLY RECOMMENDED** that this case be remanded back to San Miguel County Court.

    Ms. Carlson does not specify the statutory basis for removal, only citing the procedural statute which authorizes such removal, 28 U.S.C. § 1455(a). *E.g.*, [#1 at 2]. On the merits, Ms.

Carlson is alleging that certain procedural irregularities in the underlying state court proceedings jeopardize her constitutional rights, including her "Fifth Amendment Due Process; Fifth Amendment Double Jeopardy; Sixth Amendment Effective Assistance of Counsel; Sixth Amendment Right of Confrontation; and Eighth Amendment Cruel and Unusual Punishment" rights. [#1 at 8]. The court finds that, in substance, Ms. Carlson is asserting removal under § 1443 which provides narrow grounds for removal of certain state criminal proceedings.

The two requirements for removal under § 1443(1) are narrow and well-defined. *See Davis v. Glanton*, 107 F.3d 1044, 1045 (3d Cir. 1997). "First, it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'" *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (quoting *Georgia v. Rachel*, 384 U.S. 780, 792 (1966)). "A state court defendant's claim that 'prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination' is insufficient for removal." *Colorado v. Lopez*, 919 F.2d 131, 132 (10th Cir. 1990) (quoting *Johnson*, 421 U.S. at 219).

"Second, it must appear . . . that the removal petitioner is 'denied or cannot enforce' the specified federal rights 'in the courts of [the] State.'" *Johnson*, 421 U.S. at 219 (quoting 28 U.S.C. § 1443(1)). The Supreme Court explained this requirement as follows:

> Under § 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court.

*City of Greenwood, Miss., v. Peacock*, 384 U.S. 808, 828 (1966) *see also Colorado v. Carrillo*,

644 F. App'x 826, 827 (10th Cir. 2016) (same). This requirement must be supported by specific factual allegations. *See generally* 14A Charles Alan Wright et al., Federal Practice & Procedure § 3728 (2d ed. 1985).

Ms. Carlson does not allege facts that demonstrate she has been denied any rights based on her race. Rather, her Notice of Removal is premised on the alleged imminent violation of generally applicable constitutional provisions. *Lopez*, 919 F.2d at 132. But this is insufficient to support removal and removal pursuant to § 1443(1) is not appropriate.

Removal pursuant to 28 U.S.C. § 1443(2) also is not appropriate. Section 1443(2) "confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." *City of Greenwood*, 384 U.S. at 824. Ms. Carlson does not allege that she is either a federal officer or a person assisting a federal officer in the performance of official duties providing for equal civil rights. Therefore, because it appears on the face of the notice of removal that removal of this action should not be permitted, the action should be remanded to the state court pursuant to 28 U.S.C. § 1455(b)(4).

Accordingly, it is **ORDERED** that the Clerk of the court shall redraw this case to an Article III Judge. It is further **RESPECTFULLY RECOMMENDED** that this action be remanded to San Miguel County Court.[1]

---

[1] Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation

DATED: February 26, 2019 BY THE COURT:

_____
Nina Y. Wang
United States Magistrate Judge

---

must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).